Oakley J.
This was an action of covenant. It appeared in evidence, that one Pepper hired a house of the plaintiff and that the defendant agreed to become his surety for the payment of the *381 rent. Pepper executed a covenant for the payment of the rent, under his seal, and the defendant also executed, under his seal, an agreement to be surety therefor, which agreement was on the same paper with the covenant of Pepper; but there was no witness to the signature of either. Pepper took the paper, containing both covenants, to the plaintiff, to deliver them to him. The plaintiff objected to the regularity of the execution of the covenant by Pepper, because there was no witness to his signature. He, therefore, erased his signature and wrote his name anew, in the presence of a person who signed it as a witness, and the paper was then delivered by Pepper to the plaintiff. The defendant was not present at this transaction, nor did he know any thing of it. He now contends, that the erasure of the signature ofPepper, under the circumstances of the case, discharged him as surety.
If the covenant between the plaintiff and Pepper had been completed, by the delivery of the deed, and there had been a subsequent erasure of the signature, perhaps the re-execution of if, by Pepper would have created a new contract, to which the defendant would have been no party. But in the present case, the covenant of Pepper, which the defendant guarantied, had never been executed. The plaintiff objected to accept a delivery of the deed, on the ground of a supposed defect in the mode of execution. The signing and sealing of it anew, was then nothing more than an original execution and delivery of the covenant. The defendant, by signing the guaranty on the covenant itself, and entrusting it to Pepper, thereby gave him authority to complete the delivery of both instruments to the plaintiff. There was no alteration in the terms of the contract. The surety, therefore, could not be prejudiced, nor can he say that the covenant is not such as he intended to guaranty.

Motion for anew trial denied.

[W. Mulock, Att’y for the def't.]